Maxtmuuan Moss, S.
In this proceeding pursuant to section 206-a of the Surrogate’s Court Act, the Salvation Army, as petitioner, seeks to obtain the proceeds of a savings bank account established by decedent on December 30, 1951 1 ‘ in trust for The Brooklyn Nursery & Foster Home Service at 412 Herkimer Street, Brooklyn (operated by The Salvation Army) ”. Since 1958 the agency has been known as the Salva *517 tion Army Foster Home Service and is still conducted at the stated address. It is clear that petitioner is the beneficiary of the Totten Trust as a charitable gift for use by its foster home service (Matter of Smith, 129 N. Y. S. 2d 130, and cases cited).
The application is resisted by the administratrix on the ground that section 237 of the Banking Law, prior to its 1957 amendments, prohibited savings banks from accepting deposits from or for the benefit of corporations, charitable or otherwise. However, under subdivision 4 of that section, such restrictions apply only to organizations operated for profit. Deposits by or for the benefit of nonprofit organizations may be accepted by savings banks without restriction as to amount (Banking Law, § 237, subd. 8, as added by L. 1957, ch. 822). Section 239 of the Banking Law does not preclude Totten Trusts for charitable organizations, as contended by the administratrix. That section relates only to the subject of repayment of deposits under various circumstances including survivors of joint depositors necessarily referring to individual persons, whereas under section 237 the term “ person ” includes other entities by implication (subd. 1) or by specific definition (subd. 6-a). It follows that the within bank account was validly established for the benefit of petitioner and payable to it for use by its foster home service (Matter of Smith, supra).
However, since the estate has insufficient assets to pay all of the funeral and administration expenses, the fund is chargeable with the deficiency. The decree herein shall provide for payment to the Salvation Army only of the excess of the amount after deduction for debts, funeral and administration expenses less the sum of $179.22 a true estate asset involved in one of the bank accounts. If the parties cannot agree as to the fee of the attorney for the administratrix, relief may be applied for at the foot of the decree pursuant to section 231-a of the Surrogate’s Court Act. The application is granted.